RECEIVED
IN LAKE CHARLES, LA
OCT - 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20027-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BRYAN KEITH RICHARD | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the Government's objections to the Presentence Report ("PSR"). The PSR was originally issued on December 15, 2006. Pursuant to F.R.Crim.P. 32(f)(1) the parties had fourteen days after receipt of the report to file objections. The Government did not object. On June 20, 2007,[1] the defendant filed objections. After considering the objections, the Probation Department revised the PSR. The amended PSR was filed on July 9, 2007. On July 27, 2007, the Government filed the current objections.

In the first objection, the Government objected to the quantity of methamephetamine. This portion of the PSR was not changed from the December 15, 2006 PSR. This objection is untimely and will be denied.

The Government further objects to the revision of the PSR which removed the defendant's four point enhancement for an organizational role in the conspiracy. U.S.S.G. § 3B1.1(A) provides that a defendant's offense level shall be increased by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."

---

[1] Counsel for the defendant had serious health issues which prevented him from filing timely objections.

The government bears the burden of proving by a preponderance of the evidence the facts necessary to establish the applicability of this enhancement. *See United States v. Cruz Camacho,* 137 F.3d 1220, 1224 (10th Cir.1998). In determining whether a defendant is a leader or organizer, a court should consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment (n.4.); *U.S. v. Betancourt,* 422 F.3d 240, 245 (C.A.5 (Tex.), 2005). Nevertheless, "[t]he Guidelines do not require that each of the factors be satisfied for § 3B1.1(a) to apply." *United States v. Bernaugh,* 969 F.2d 858, 863 (10th Cir.1992); *U.S. v. Webb,* L 1079622, *2-3 (C.A.10 (C.A.10 (Okla.), 1999). Probation agreed with the defendant that the Government did not meet its burden of proving the leadership role and amended the PSR accordingly.

Under 3B1.1(a), the Government must prove at least an interdependence between the defendant and the supplier that would support an inference that the supplier is answerable to the defendant. *U.S. v. Angleton,* 201 Fed.Appx. 238, 242, 2006 WL 2828657, **3 (C.A.5 (Tex.), 2006); see also *United States v. Belletiere,* 971 F.2d 961, 970 (3d Cir.1992)( "[b]efore a supplier or customer may be deemed to have been a 'controlled' participant under § 3B1.1(a), the government must prove at least an interdependence between the defendant and the supplier or customer that would support an inference that the supplier or customer for personal use is answerable to the defendant.")

In *United States v. Sayles,* 296 F.3d 219 (4th Cir.2002), the court held that "being a buyer and seller of illegal drugs, even in league with more than five or more other persons, does not

2

establish that a defendant has functioned as an 'organizer, leader, manager or supervisor' of criminal activity." *Id.* at 225.

The court agrees with the probation office that a four-level enhancement under § 3B1.1 is not appropriate here. The court finds that the evidence demonstrates that the defendant traveled to purchase drugs and he distributed drugs. There is little if any evidence that Richard did anything to control, direct or organize the activities of others. Richard did not train anyone, there is no evidence that he claimed a right to a larger share of the profits, his degree of participation in planning is unclear, as is the degree of control that allegedly exercised over other. Accordingly, the government will be permitted to introduce evidence during an evidentiary hearing.

Lake Charles, Louisiana, this ___ day of October, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE